COMMERCIAL CREDIT CORPORATION, Appellant,

v.

Danny Rex WILLIAMS, Appellee.

No. 4513.

Court of Civil Appeals of Texas, Eastland.

Dec. 3, 1971.

Rehearing Denied Dec. 31, 1971.

Folley, Snodgrass & Calhoun, O. M. Calhoun, Amarillo, for appellant.

R. A. Renfer, Jr., Dumas, for appellee.

COLLINGS, Justice.

This suit was brought by Commercial Credit Corporation to collect the balance of the purchase price of an automobile under a contract of purchase executed by Danny Rex Williams to Dale McLaughlin an automobile dealer doing business as Dale's Motor Company of Dumas, such contract of purchase then being alleged to have been assigned to plaintiff, Commercial Credit Corporation. Defendant, Danny Rex Williams filed a general denial and then a supplemental answer, pleading accord and satisfaction, novation and payment, and that the contract did not comply with the requirements of the Texas Consumer Credit Code or the Federal Truth in Lending Act. Williams further alleged that the contract of purchase was signed by him and filled in by plaintiff, and that plaintiff was therefore liable to defendant for exemplary damages and statutory penalties as provided by law. The case was tried without a jury and judgment was rendered that plaintiff take nothing by its suit and that defendant take nothing by his cross action. Commercial Credit Corporation has appealed.

The record shows that appellee Williams purchased a used 1966 Dodge Polara automobile from Dale McLaughlin dba Dale's Motor Company of Dumas for the total purchase price of $1,500.00, that Williams executed a retail installment contract in blank. The blank portions of the contract were later filled in reciting a cash payment of $300.00 and an agreement to pay the balance of $1,200.00 in monthly installments together with finance charges and insurance premium. The recited $300.00 cash payment was never paid. The purchase contract was assigned and transferred by McLaughlin to appellant and the amount financed was paid to McLaughlin in cash. Appellant in checking the computation of the finance charges and insurance premium discovered that McLaughlin had made a mistake of $12.30 and credited the contract with that amount leaving a balance of $1,629.06. The record indicates

that McLaughlin never had a title transfer until September 27, 1971.

Appellee Williams was not satisfied with the Dodge Polara, and on September 29, 1969 before the first payment was due he took the car back to McLaughlin asserting that it was not as represented. By agreement between Williams and McLaughlin the Polara was traded in on a 1966 Dodge Monaco and Williams executed a second retail installment contract to McLaughlin. This second contract recited a sale price of $1,700.00, $200.00 as cash payment (which was not paid) and that $1,500.00 was to be financed. It is undisputed that McLaughlin agreed with Williams to accept the Dodge Polara in satisfaction of Williams' debt under the contract here sued upon. This second contract also was transferred and assigned to appellant, Commercial Credit Corporation, and the amount financed was paid to McLaughlin in cash. Williams made several monthly installments on the second contract and then traded the Dodge Monaco to another dealer who paid off the second contract in full.

When Williams failed to make payment on the first contract, appellant on October 29, 1969 contacted him and advised him that his first payment was past due. Williams informed appellant that he had traded the Polara to McLaughlin. This is the first that appellant knew of the trade of the cars between appellee and McLaughlin. Appellant thereupon made demand of both appellee and McLaughlin for payment in full. On the failure of either of them to pay the account this suit was filed.

 In appellant's first three points it is contended that the court erred in finding that there had been an accord and satisfaction of the note sued upon, erred in finding that there had been a novation by a new and independent contract, and erred in finding that the note had been paid and satisfied because, appellant asserts, there

was no evidence to support such findings. These points are overruled.

Appellee Williams alleged and the record shows that the contract sued upon was modified by an agreement between Williams and McLaughlin, and it was agreed that the original contract as between Williams and McLaughlin was satisfied in full, and that the new contract was in lieu of and in complete satisfaction of the contract sued upon. If McLaughlin had sued upon the first contract these defenses would have been available and well taken against him.

Article 7.08 of the Texas Consumer Credit Code provides:

"(4) No right of action or defense of a buyer arising out of a retail installment sale which would be cut off by negotiation, shall be cut off by negotiation of the contract to any third party unless such holder . . . gives notice of the negotiation to the buyer as provided in this Article, . . ."

In the instant case Commercial Credit Corporation did not give notice of the assignment of the note as required by Article 7.08, supra, and contrary to appellant's contention the contract sued upon and the assignment to appellant did not comply with the requirements of the statute. The failure of appellant to give notice as required took away the defense of appellant as holder in due course. Any defense or right of action of the buyer of the car against the original creditor became available against the assignee, Commercial Credit Corporation. As above indicated the defenses urged by appellant would have been good if suit had been brought on the contract by McLaughlin.

For the reasons stated the court did not err in rendering judgment for appellee Williams that appellant take nothing by its suit.

The judgment is affirmed.