**COMMERCIAL CREDIT CORPORATION,**
Appellant,

v.

**Walter S. NICHOLS, Appellee.**

No. 8542.

Court of Civil Appeals of Texas, Amarillo.

Oct. 14, 1975.

Folley, Snodgrass & Calhoun, O. M. Calhoun, Amarillo, for appellant.

Lovell, Lyle & Renfer, R. A. Renfer, Jr., Dumas, for appellee.

ROBINSON, Justice.

The trial court held that the defense of accord and satisfaction, available to buyer against the seller of an automobile, was also available against seller's assignee who did not give buyer notice of assignment as required by Article 5069–7.08, Vernon's Ann. Civ.St. (1971). Affirmed.

Walter Nichols purchased two vehicles from Dale McLaughlin, dba Dale's Motor Company. Installment sales contracts for each, payable to the office of Commercial Credit Corporation in Amarillo, Potter County, Texas, and granting the seller, Dale's Motor Company, a security interest in the vehicles covered, were executed at the time of purchase on a form furnished to McLaughlin by Commercial Credit Corporation which floorplanned McLaughlin's inventory. The contracts, by their printed terms, were assigned to Commercial upon execution by McLaughlin. In the middle of the print on the back of the contract is the following language:

This Security Agreement may be assigned by Seller, and when assigned, all rights of Seller shall vest in its assignee. All payments or other monies then owing hereunder shall be paid by Purchaser to the assignee without recoupment, set-off or counterclaim, either in law or in equity, and any payments otherwise made shall be at the risk of Purchaser if not received by the assignee.

Nichols paid one installment on each contract and redelivered both vehicles to Dale's Motor Company pursuant to an agreement between Nichols and McLaughlin that each should be resold by Dale's Motor Company in satisfaction of the installment contracts which Nichols and McLaughlin had executed. McLaughlin resold the vehicles and installment purchase contracts, signed by the new purchasers, were also assigned to Commercial Credit Corporation. Upon the second sale, McLaughlin tendered to Commercial a check in payment of Nichol's installment contract for one of the vehicles. This check was returned marked insufficient funds. Commercial brought suit against Nichols for the amounts due on both of Nichols' contracts. At the trial, Nichols testified that he did not receive the notification of assignment to Commercial provided for in Art. 5069–7.08(4). There was no evidence that Commercial sent such notification. The trial court sitting without a jury found that Nichols did not receive any notification of any assignment of the contracts to Commercial and decreed judgment for defendant, Nichols.

Plaintiff Commercial appeals, contending that it is not precluded from recovery on the assigned contracts by Nichols' defense of accord and satisfaction because the defense arose out of a subsequent and collateral transaction to which Commercial was not a party, because defendant-buyer waived by the quoted language of the contracts the right to assert the defense against Commercial, and because the language of the form contracts itself gave buyer notice of the assignments.

Between Nichols and McLaughlin there was an accord and satisfaction which would have been available to Nichols in a suit brought on the contracts by McLaughlin.

Article 5069–7.08, a part of the chapter of our statutes regulating motor vehicle installment sales, provides as follows:

Art. 5069–7.08. Assignment and negotiation.

\* \* \* \* \* \*

(3) Unless the buyer has notice of the assignment or negotiation of his retail installment contract, or any outstanding balance thereunder payment therefor made by the buyer to the holder last known to him shall be binding upon all subsequent holders;

(4) No right of action or defense of a buyer arising out of a retail installment sale which would be cut off by negotiation, shall be cut off by negotiation of the contract to any third party unless such holder acquires the contract in good faith and for value and gives notice of the negotiation to the buyer as provided in this Article, and within thirty days of the mailing of such notice receives no written notice of any facts giving rise to any claim or defense of the buyer. A notice of negotiation shall be in writing addressed to the buyer at the address shown on the contract and shall identify the contract, state the names of the seller and buyer; describe the motor vehicle; state the time balance and the number and amounts of the installments. The notice of negotiation shall contain the following warning to the buyer in ten-point bold face type:

IF YOU HAVE ANY COMPLAINT OR OBJECTION REGARDING THE GOODS OR SERVICES COVERED BY THE CONTRACT IDENTIFIED IN THIS NOTICE, OR ANY CLAIM OR DEFENSE RELATING TO SUCH CONTRACT, YOU MUST NOTIFY US WITHIN 30 DAYS FROM THE DATE THIS NOTICE WAS MAILED.

Article 5069–7.10 of the same chapter provides that no agreement of the buyer before, or at the time of the making of a retail installment agreement shall constitute a valid waiver of any of the provisions of the chapter.

In *Commercial Credit Corporation v. Williams*, 474 S.W.2d 751 (Tex.Civ.App.—Eastland 1971, no writ), on facts similar to these and also involving a transaction between Commercial and McLaughlin, the court held that the defense of accord and satisfaction, which would have been available against assignor, was likewise good against his assignee who failed to give the statutory notice of assignment.

We conclude that the language of assignment in the printed installment contracts in question does not meet the notice requirements of Art. 5069–7.08; that any waiver of buyer's rights under Section 7.08 is invalid by the express provisions of Section 7.10; and that, in the absence of the required notice, the defense of accord and satisfaction available to Nichols against McLaughlin was available against McLaughlin's assignee Commercial.

The judgment of the trial court is affirmed.